Filed 5/23/22  P. v. Juarez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK JUAREZ,<br><br>    Defendant and Appellant. | F083314<br><br>(Super. Ct. No. CF92461258)<br><br><br>**OPINION** |

---

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Eric Christoffersen and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Detjen, Acting P. J., Smith, J. and Snauffer, J.

# INTRODUCTION

In 1992, appellant Frank Juarez was convicted by jury of first degree murder (Pen. Code,[1] § 187) and kidnapping (§ 207, subd. (a)).  The jury also found true a special circumstance alleging that the murder was committed during the commission of a kidnapping (§ 190.2, subd. (a)(17)).  Juarez was sentenced to prison for life without the possibility of parole.

Following the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), Juarez filed a section 1170.95 petition for resentencing.  The Fresno County Superior Court denied Juarez's petition without appointing counsel or requesting additional briefing.  On appeal, Juarez contends the court prejudicially erred by denying his petition without appointing counsel and providing an opportunity for full briefing.  We affirm.

# PROCEDURAL HISTORY

In 1992, a jury convicted Juarez of first degree murder (§§ 187, 189) and kidnapping (§ 207, subd. (a)).  The jury also found true a special circumstance alleging that the murder was committed during the commission of a kidnapping (§ 190.2, subd. (a)(17)).  Juarez was sentenced to prison for life without the possibility of parole as to the murder conviction, and a five-year stayed term for the kidnapping conviction.

On February 22, 2021, Juarez filed a section 1170.95 petition for resentencing.

On April 20, 2021, the Fresno County District Attorney's Office filed an opposition to Juarez's petition.

On August 2, 2021, the Fresno County Superior Court denied Juarez's petition for resentencing with prejudice.

On September 2, 2021, Juarez filed a timely notice of appeal.

---

[1]  All undefined statutory citations are to the Penal Code unless otherwise stated.

## STATEMENT OF FACTS

### The Underlying Offense

The following statement of facts are taken from the probation officer's report:

Following an altercation at a bar the previous night, Juarez struck Timothy Sweeney's face with his fist. Juarez and Ronald Hajnal then placed Sweeney, who was semi-conscious, in the back of Hajnal's van. They Sweeney to an isolated area, pulled him out of the vehicle, and beat him. Juarez used a metal jack handle during the attack, and one of the men used a knife. After the attack, Sweeney's body was dragged into an orange grove.

Six days later, Sweeney's body was discovered. The word "puto" was carved onto Sweeney's upper shoulder blade.

At trial, the forensic pathologist testified about his findings from the autopsy on Sweeney's body. The pathologist concluded no single injury had caused Sweeney's death. Rather, each injury had been a contributing factor.

### The Trial Court's Ruling on Juarez's Petition

On August 2, 2021, the trial court denied Juarez's petition with prejudice, explaining:

> "Petitioner, Fran[k] Juarez failed to make a prima facie showing that he falls within the provisions of Penal Code [section] 1170.95. The condition set out at Penal Code [section] 1170.95[, subdivision ](a)(3) does not apply. Petitioner was found guilty of first degree murder and kidnapping and specifically found that the murder occurred during the commission of a kidnapping. The appellate court found that an examination of the evidence in the light most favorable to the judgment reveals substantial evidence to support the felony-murder special circumstances finding. (See *People v. Juarez* (September 22, 1994, F019469, page 34) (nonpub. opinion). The record, including the appellate opinion in this case, shows that the petitioner was likely the actual killer, and at a minimum was a major participant in the underlying felony and acted with reckless indifference to human life."

3.

## DISCUSSION

**I. Background: Senate Bill No. 1437**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine ... to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e), which provides the following:

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Finally, Senate Bill No. 1437 added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, *supra*, 10 Cal.5th at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based

solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

To seek relief under section 1170.95, a petitioner must file a petition in the superior court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder … following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not … be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a)(1)-(3); see also *id*., subd. (b)(1)(A).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to comply with these requirements, "the court may deny the petition without prejudice to the filing of another petition." (§ 1170.95, subd. (b)(2).) However, if the petition complies with subdivision (b)'s requirements, then the court must assess whether the petitioner has made "a prima facie showing" for relief. (*Id*., subd. (c).)

## II. The Trial Court's Failure to Appoint Counsel

In *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*), our Supreme Court held that "the statutory language and legislative intent of section 1170.95 make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition (see § 1170.95, subds. (b), (c)) and that *only* after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' "

Here, although Juarez's petition avers that he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019," he never denied that he was a major participant in the kidnapping or that he acted with reckless indifference to human life. Neither Juarez's original petition nor his modified petition were facially sufficient. Consequently, the court could have denied his petition without prejudice on this basis alone.

Even assuming that Juarez's petition had been facially sufficient, we conclude that he failed to demonstrate prejudice from the court's failure to appoint counsel and to permit full briefing. As discussed further below, the jury's true finding on the kidnapping-murder special circumstance renders Juarez ineligible for section 1170.95 resentencing relief as a matter of law.

## III. Prejudice

Assuming the trial court erred in failing to appoint counsel and accepting further briefing, we may affirm only if petitioner was not prejudiced by the error. (*Lewis, supra*, 11 Cal.5th at pp. 972-974.) Under *Watson*, the petitioner must " 'demonstrate there is a reasonable probability that in the absence of the error he ... would have obtained a more favorable result.' " (*Lewis,* at p. 974.) "More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid*., citing *People v. Daniel* (2020) 57 Cal.App.5th 666, 676.) Upon this record, Juarez has failed to demonstrate prejudice.

Relief under section 1170.95 is available only if the petitioner makes a prima facie showing that he or she "could not … be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1170.95, subd. (a)(3); *People v. Farfan* (2021) 71 Cal.App.5th 942, 954.) In finding the special

6.

circumstance (§ 190.2, subd. (a)(17)) true, the jury necessarily found that Juarez was (1) the actual killer; (2) an aider and abettor who harbored an intent to kill or (3) a major participant who acted with reckless indifference to human life. (See CALJIC 8.80.1 [Post June 5, 1990 Special Circumstances]; §§ 189, subd. (e)(3), 1170.95, subd. (a).) Any of these findings preclude Juarez from section 1170.95 resentencing relief as a matter of law. (See *People v. Farfan,* at p. 954.)

We acknowledge there is a split of authority among appellate courts regarding whether a special circumstance finding precludes section 1170.95 resentencing relief as a matter of law. Some appellate courts have concluded that a petitioner with a special circumstance finding that occurred prior to our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) may have been convicted based on "conduct that is not prohibited by section 190.2 as currently understood." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1180, review granted June 24, 2020, S262011, overruled on other grounds by *People v. Lewis* (2021) 11 Cal.5th 952, 963; accord, *People v. Harris* (2021) 60 Cal.App.5th 939, 958, review granted April 28, 2021, S267802; *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835.) And, if the jury's finding on a felony murder special circumstance is legally insufficient under *Banks* and *Clark*, such a finding cannot "conclusively refute a prima facie showing of entitlement to resentencing relief." (*People v. Secrease* (2021) 63 Cal.App.5th 231, 256, review granted Jun. 30, 2021, S268862.) Thus, in considering whether a petitioner is entitled to relief pursuant to section 1170.95, the sentencing court must first determine whether "the evidence presented at trial was sufficient to support the felony-murder special-circumstance finding under *Banks and Clark.*" (*Secrease*, at p. 264.)

A contrary line of authority has emerged rejecting this contention and concluding that a special circumstance finding bars section 1170.95 resentencing relief as a matter of law.  (See *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Jones* (2020) 56 Cal.App.5th 474, 478-479, review granted Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449, 458; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142, review granted Oct. 14, 2020, S264284; *People v. Gomez* (2020) 52 Cal.App.5th 1, 13-14, review granted Oct. 14, 2020, S264033.)  "Courts which have held that a pre-*Banks* and *Clark* felony-murder special-circumstance finding bars section 1170.95 resentencing relief have reasoned that *Banks* and *Clark* merely clarified the law as it always was."  (*People v. Simmons* (2021) 65 Cal.App.5th 739,  747.)  *Banks* and *Clark* merely relied upon decisions by the United States Supreme Court to clarify principles that have long been in existence. (*Simmons*, at p. 749, citing *Enmund v. Florida* (1982) 458 U.S. 782; *Tison v. Arizona* (1987) 481 U.S. 137.)

Consistent with this court's opinion in *Simmons,* we conclude that a special circumstance finding precludes resentencing relief under section 1170.95 as a matter of law.[2]  By finding the special circumstance allegation true, the jury made the requisite findings necessary to support Juarez's murder conviction under the law as amended by Senate Bill No. 1437.

---

[2]    The issue is currently pending review in our Supreme Court as well, so we will soon have clarity one way or the other.  (*People v. Strong*, review granted Mar. 10, 2021, S266606 ["This case presents the following issue: Does a felony-murder special circumstance finding (Pen. Code, § 190.2, subd. (a)(17)) made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?"].)  In the interim, given the vigorous debate and detailed analysis that has already been dedicated to this issue, we decline to address the issue further.

## DISPOSITION

The trial court's order denying Juarez's section 1170.95 petition is affirmed.